# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROD EDWARDS, | Case No. 3:14-cv-00531-AC |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| MULTNOMAH COUNTY SHERIFF DANIEL STATON; DIRECTOR OF HUMAN RESOURCES FOR THE MULTNOMAH COUNTY SHERIFF'S OFFICE JENNIFER OTT; MULTNOMAH COUNTY SHERIFF'S OFFICE UNDER SHERIFF TIM MOORE; MULTNOMAH COUNTY SHERIFF'S OFFICE CHIEF DEPUTY JASON GATES; by and through the MULTNOMAH COUNTY SHERIFF'S OFFICE, a political subdivision of MULTNOMAH COUNTY, OREGON, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on December 9, 2014. Dkt. 31. Judge Acosta recommended that Defendants' Motion to Dismiss (Dkt. 17) be granted in part and denied in part. Specifically, Judge Acosta recommended that Defendants' motion be (1) granted with prejudice as to Plaintiff's substantive due process claim and Plaintiff's *Monell* claim alleging that defendants Ott, Moore, and Gates' actions as "final policy members" constituted a violation of Plaintiff's constitutional rights; (2) granted

PAGE 1 – OPINION AND ORDER

without prejudice as to Plaintiff's *Monell* claim alleging that Multnomah County policy constituted a violation of Plaintiff's constitutional rights; and (3) denied as to all remaining claims.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed an objection (Dkt. 33). Plaintiff declined to file a response. Defendants object to portions of the Findings and Recommendation respecting: (1) whether Oregon's Veterans' Preference statute creates an interest protected by the Due Process Clause; (2) whether Plaintiff has received sufficient post-deprivation process to satisfy the requirements

of procedural due process; and (3) whether qualified immunity bars Plaintiff's procedural due process claim.

The Court has reviewed *de novo* those portions of the Findings and Recommendation to which Defendants have objected, as well as Defendants' objections and the underlying briefing in this case. The Court agrees with Judge Acosta's reasoning and conclusions regarding Plaintiff's substantive due process, retaliation, and *Monell* claims (F&R Sections I.A, II, and III, respectively). Regarding the issue of qualified immunity (F&R Section IV) the Court adopts Judge Acosta's conclusion, supplemented as follows. For the reasons discussed below, the Court declines to adopt those portions of the F&R relating to Plaintiff's procedural due process claim (F&R Section I.B).

**A.  Judicial Notice**

Defendants request that the Court take judicial notice of the Oregon Bureau of Labor and Industries' ("BOLI") final order in *In the Matter of: Multnomah County Sheriff's Office, Respondent*, 2014 WL 7004599 (OR BOLI). Federal Rule of Evidence 201 allows a court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may take judicial notice of documents that are matters of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (A district court may take "judicial notice of matters of public record outside the pleadings" when determining whether a complaint fails to state a claim.). Plaintiff has not opposed Defendants' request. These documents are all matters of public record and publicly available, and their accuracy is not reasonably subject to debate. Accordingly, the Court grants Plaintiff's request.

**B. Qualified Immunity**

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (citation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 2083 (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). There need not be case law "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Id.* at 2085. The Court has discretion to decide which of the two prongs of the qualified immunity analysis to address first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).[1]

Oregon's Veterans' Preference statute is codified at Or. Rev. Stat ("ORS") §§ 408.225 through 408.237. Before 2007, the statute did not specifically address the application of the preference in the type of non-scored hiring and promotional processes used in this case. In 2007, however, ORS § 408.230 was amended to add Subsection (2)(c), which states:

> For an application examination that consists of an interview, an evaluation of the veteran's performance, experience or training, a supervisor's rating or any other method of ranking an applicant that does not result in a score, the employer shall give a preference to the veteran or disabled veteran. An employer that uses an application examination of the type described in this paragraph

---

[1] Because the Court adopts Judge Acosta's finding that Oregon's Veterans' Preference statute creates a property interest protected by the Due Process Clause, the Court does not address the first prong of the qualified immunity analysis.

> shall devise and apply methods by which the employer gives
> special consideration in the employer's hiring decision to veterans
> and disabled veterans.

Defendants contend that neither the Legislature nor BOLI has provided any guidance for application of the preference in non-scored processes since the 2007 addition of subsection (2)(c). Moreover, Defendants contend that there is no case law further defining the contours of what constitutes lawful process under ORS § 408.230(2)(c). Therefore, Defendants argue, there is no "clearly established" law on point, and they are entitled to qualified immunity.

Defendants' argument, however, too narrowly confines the relevant inquiry at this stage of the case. While Plaintiff's Amended Complaint is not a model of clarity, Plaintiff alleges, in part, that Defendants' did not provide Plaintiff with any veterans' preference at all. Moreover, Plaintiff's due process claim is factually intertwined with his retaliation claim, in which Plaintiff alleges that Defendants not only failed to give Plaintiff any preference, but that they did so intentionally and that Defendants' contradictory explanations of how the preference was applied were entirely pretextual. Thus, the relevant question for purposes of the second prong of the qualified immunity analysis is not whether the specific requirements of ORS § 408.230(2)(c) were clearly established law, but whether the granting of a preference to veterans was clearly established under Oregon law.[2] The latter question is not disputed by Defendants, and Oregon law is sufficiently clear that a public employer "shall grant a preference to a veteran or disabled veteran who applies for a vacant civil service position or who seeks promotion to a civil service position with a higher maximum salary rate." Or. Admin. R. 839–006–0450 (2010).

---

[2] Notably, this is consistent with BOLI's finding that Defendant Multnomah County Sherriff's Office "violated the veterans' preference statute; it did not devise and apply a method, either in the first stage or in the final stage of the hiring process, to apply veterans' preference in the decision to promote Sgt. Gullberg, rather than Sgt. Edwards." *In the Matter of: Multnomah County Sheriff's Office, Respondent*, 2014 WL 7004599, at *24.

On a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), the Court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Here, whether or not Defendants applied a veterans' preference at all is a disputed issue of fact. Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (qualified immunity may turn on disputed issues of fact); *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir. 1995) ("While the qualified immunity defense is frequently determined by courts as a matter of law, a jury should decide disputed factual issues relevant to that determination."). Accordingly, the Court adopts Judge Acosta's finding that Defendants are not entitled to dismissal of Plaintiff's Amended Complaint on the basis of qualified immunity.

## C.  Adequate Process

Plaintiff contends that Defendants violated his procedural due process rights under the Fourteenth Amendment by denying him veterans' preference points. Defendants argue that Plaintiff's procedural due process claim is without merit because Plaintiff has already availed himself of constitutionally adequate post-deprivation remedies available under Oregon law.

The Fourteenth Amendment requires that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Though fact dependent, the law mandates, at minimum, that the amount of process due in order for the government to effect a constitutionally sound deprivation of property is an opportunity for a party to be heard in a meaningful time and manner. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981). Procedural due process is violated where a government actor deprives a person of his property

PAGE 6 – OPINION AND ORDER

pursuant to state procedure without a pre-deprivation hearing, provided the deprivation was predictable and the pre-deprivation process practical. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982). "In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 113, 132 (1990).

There are, however, exceptions to this general rule: the Supreme Court established in *Parratt* and its progeny that the negligent or intentional deprivation of property without a pre-deprivation hearing does not give rise to a due process claim if the deprivation was random and unauthorized. *See Parratt*, 451 U.S. at 535-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A defendant in the employ of a state or local government acts in a random and unauthorized manner if (1) his conduct was unforeseeable, (2) his conduct was unauthorized and executed in violation of state procedure, and (3) pre-deprivation procedures would have been impracticable under the circumstances. *Zinermon*, 494 U.S. at 136-38. If the deprivation is deemed random and unauthorized, availability of an adequate post-deprivation remedy precludes relief because it affords constitutionally sufficient procedural due process. *Id.* at 128.

Defendants' alleged conduct falls within the scope of the *Parratt-Hudson* doctrine. Plaintiff alleges that Defendants not only did not give him the veterans' preference points that he was due, but also alleges that this was done intentionally and in violation of clear Oregon law. Moreover, given that veterans' preference points are applied during the hiring or promotion process, pre-deprivation procedures are not feasible. Accordingly, if constitutionally adequate post-deprivation process is available to Plaintiff, he cannot state a claim for violation of his due process rights.

PAGE 7 – OPINION AND ORDER

Here, Defendants argue that ORS § 408.230 creates constitutionally adequate post-deprivation remedies for violations of the Oregon Veterans' Preference statute. ORS § 408.230(6) and (7) make violation of the statute an "unlawful employment action," which allows "[a] veteran or disabled veteran claiming to be aggrieved by a violation of this section [to] file a verified written complaint with the Commissioner of the Bureau of Labor and Industries in accordance with ORS § 659A.820."

As permitted by ORS § 659A.820, Plaintiff filed a complaint with the BOLI on January 24, 2013. Am. Compl. ¶ 39. BOLI then issued a finding of substantial evidence that the Multnomah County Sheriff's Office ("MSCO") violated the Veterans' Preference statute. Am. Compl. ¶ 40. On December 17, 2013, Plaintiff received a contested case hearing with BOLI administrative law judge Dan Rosenhouse. Am. Compl. ¶ 41. On May 19, 2014, BOLI determined that MSCO failed to comply with the Veterans' Preference statute and awarded Plaintiff $50,000 in damages. *In the Matter of: Multnomah County Sheriff's Office, Respondent*, 2014 WL 7004599 (OR BOLI).[3]

Application of the *Parratt-Hudson* doctrine to the facts outlined above requires a finding that Plaintiff has not alleged a violation of procedural due process under the Fourteenth Amendment. Although Plaintiff was deprived of his property under color of state law, the deprivation did not occur as a result of some established state procedure. Moreover, Plaintiff does not contend that the remedies available under ORS § 659A.820 are inadequate, nor is there any contention that it was practicable to provide a pre-deprivation hearing. Oregon's Veterans' Preference statute provides specific remedies for violations of the statute. Plaintiff availed himself of these remedies, received a hearing before an impartial administrative law judge, and

---

[3] Plaintiff filed the instant case in April 1, 2014, before BOLI issued its final decision on May 19, 2014.

received compensation for the violation of his rights. Therefore, Plaintiff's procedural due process claim must be dismissed.

## CONCLUSION

The Court ADOPTS IN PART Judge Acosta's Findings and Recommendation (Dkt. 31). Plaintiff's Motion to Dismiss (Dkt. 17) IS GRANTED in part AND DENIED in part. Plaintiff's motion is (1) granted with prejudice as to Plaintiff's substantive and procedural due process claims and Plaintiff's *Monell* claim alleging that defendants Ott, Moore, and Gates' actions as "final policy members" constituted a violation of Plaintiff's constitutional rights; (2) granted without prejudice as to Plaintiff's *Monell* claim alleging that Multnomah County policy constituted a violation of plaintiff's constitutional rights; and (3) denied as to all remaining claims.

**IT IS SO ORDERED.**

DATED this 26th day of January, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge